IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

STEVE VANKESTEREN,

    Plaintiff,

v.                                        Civil Action No. 2:11cv416

STEVE GARVIS, et al.[1],

    Defendants.

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

    I.    Introduction

Plaintiff brings this action against Defendants Steve Garvis, Gene Agnese, Steven Shires, employees of the Virginia Department of Game and Inland Fisheries; and Daniel Rolince, an employee of the U.S. Fish and Wildlife Service. He seeks to re-litigate in this civil action issues which were decided against him in the criminal case wherein this Court convicted him of violations of 16 U.S.C. § 703 and 50 C.F.R. § 21.11. He asserts that the evidence against him was obtained illegally and any convictions or charges against him should be dismissed. He also requests that any fines and assessed costs be returned to him and that he be compensated for his legal fees and personal time spent on the case. To support his claim, plaintiff apparently attempts to rely upon the Migratory Bird Treaty Act, 16 U.S.C. §§ 703-716, and statutes pertaining to foreign intelligence surveillance, 50 U.S.C. §§ 1809-1810. Plaintiff's Complaint, however, fails to state any claim upon which relief can be granted and should be dismissed.

---

[1] Pursuant to a memorandum of understanding between the U.S. Fish and Wildlife Service and the Virginia Department of Game and Inland Fisheries, undersigned counsel has been authorized to represent all of the defendants named in this action.

On September 7, 2011, plaintiff filed a document with this Court in which he apparently sought to expound upon his claims. This document is untitled and its exact purpose is unclear. In his latest filing, plaintiff purports to raise a claim based on the alleged violation of his rights under the Fourth Amendment. He raises this claim despite the fact that the Fourth Circuit has ruled against him on that very issue. *See United States v. Vankesteren*, 553 F.3d 286 (2009), *cert. denied*, 129 S.Ct. 2743 (2009). In addition to the statutory claims noted above, defendants will also address plaintiff's constitutional claim. All of plaintiff's claims should be dismissed. Plaintiff's complaint is essentially a collateral attack on his conviction. It fails to state any claims upon which relief can be granted under the statutes upon which he seeks to rely. Furthermore, in order to recover damages for an allegedly unlawful conviction, plaintiff must first show that the conviction has been invalidated. Since the conviction has been affirmed, he cannot meet this requirement. Additionally, to the extent plaintiff purports to raise any constitutional claims, he has failed to file his claim within the required statute of limitations. Moreover, defendants are entitled to qualified immunity. As a result, pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's complaint should be dismissed with prejudice.[2]

II.   Statement of Material Undisputed Facts

A.  Plaintiff's Complaint alleges that, between December 29, 2006 and January 9, 2007, Defendant Garvis entered plaintiff's property six times without obtaining a warrant. He further

---

[2] If the Court considers matters outside the pleadings, defendants' motion under Rule 12(b)(6) may be treated as a motion for summary judgment as provided in Fed. R. Civ. P. 56. *Burgoon v. Potter*, 369 F. Supp. 2d 789, 794 (E.D. Va. 2005). Rule 56(c) provides that summary judgment shall be granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *See  Celotex Corp. v. Catrett*, 477 U.S. 317, 323, (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242 (1986).

alleges that, on January 11, 2007, Defendants Garvis, Shires, and Agnese set up a hidden video camera on plaintiff's property which remained operational until January 30, 2007. Plaintiff alleges that, during that period of time, he was photographed on six different occasions. Complaint, p. 2.

    B. Plaintiff's Complaint alleges that Defendant Agnese entered plaintiff's property on January 24, 2007 to monitor the camera and that Defendant Garvis entered plaintiff's property on January 25 and 26, 2007 to search for evidence and take photographs. Plaintiff further alleges that, on January 30, 2007, Defendants Rolince, Garvis, Shires, and Agnese entered his property and seized a cage and five traps. Complaint, p. 2.

    C. Plaintiff was charged with taking or possessing a migratory bird without a permit in violation of 16 U.S.C. § 703 and 50 C.F.R. 21.11 on January 17, 2007 and on January 20, 2007. *See* Case No. 2:07cr153, ECF Nos. 2-3 and 2-4.[3] On August 7, 2007, after a trial before a United States Magistrate Judge, he was convicted of those offenses and sentenced to pay a total of $1070.00 in fines, assessments, and processing fees. *See* Case No. 2:07cr153, ECF No. 2-2. That same day, plaintiff appealed his conviction. Case No. 2:07cr153, ECF No. 1. After a hearing at which plaintiff was represented by counsel, this Court affirmed the conviction. Case No. 2:07cr153, ECF No. 9.

---

[3] It is well established that a court may take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of public court records. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the court may take judicial notice of prior judicial proceedings involving the same person, property, and issues); *Roach v. Option One Mortgage Corp*, 598 F.Supp. 2d 741, 747 n.8 (E.D. Va. 2009)(noting it is well-settled that court can take judicial notice of the contents of public court records).

D. Plaintiff appealed his conviction to the United States Court of Appeals for the Fourth Circuit. In its opinion affirming the decision of this Court, the Fourth Circuit noted that VanKesteren had largely conceded in oral argument that the camera at issue in the instant case was placed "in a constitutionally unprotected open field . . . ." *United States v Vankesteren,* 553 F.3d at 288-89. The Fourth Circuit held that "Vankesteren had no reasonable expectation of privacy in the open fields where he killed the hawks." *Id.* at 290. The Fourth Circuit also held that "[s]ince Vankesteren had no legitimate expectation of privacy, the agents were free, as on public land, to use video surveillance to capture what any passerby would have been able to observe." *Id.* at 291. The Fourth Circuit further held that "the camera did little more than the agents themselves could have physically done, and its use was therefore not unconstitutional." *Id.*

    III.    <u>Argument</u>

    A.    <u>Fed R. Civ. P. 12(b)(6) Standard</u>

Pursuant to Fed. R. Civ. P. 8(a)(2) a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This standard does not require detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). *See also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009)("Rule 8 itself requires a *showing of entitlement* to relief"). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face'" *Ashcroft v. Iqbal*, 129 S.Ct. at 1949, (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). The *Iqbal* Court further instructed that the "plausibility standard is not akin to a 'probability requirement,'

but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Courts should dismiss a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. "[I]f as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,'" then the claim must be dismissed. *Neitzke v. Williams*, 490 U.S. 319, 326-27, (1989), citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

  Conclusory allegations do not state a claim upon which relief can be granted. *Simpson v. Welch*, 900 F.2d 33, 35 (4th Cir. 1990) (claim properly dismissed pursuant to Fed.R.Civ.P. 12(b)(6) where complaint failed to allege facts sufficient to state a claim of racial or religious discrimination). "While a plaintiff is not charged with pleading facts sufficient to prove [his] case, as an evidentiary matter, in [his] complaint, a plaintiff is required to allege facts that support a claim for relief." *Bass v. E.I. Dupont De Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). As the Fourth Circuit has held, a plaintiff must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist. *See Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 346 (4th Cir.2006), *reh'g en banc denied*, 467 F.3d 378 (4th Cir.2006), *cert. denied*, 127 S.Ct. 2036 (2007). The Court should not rely on mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1965. The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*.

  B. <u>The Migratory Bird Treaty Act Does Not Include A Private Right Of Action And Did Not Require A Warrant Under The Circumstances Of This Case</u>

  Plaintiff seeks dismissal of the charges against him, compensation for legal fees and personal time spent on the case, and return of all fines and costs assessed against him.  He asserts as one of his causes of action a violation of the Migratory Bird Treaty Act.  Plaintiff alleges that 16 U.S.C. § 706 required that the agents who investigated him obtain a search warrant before placing the motion-activated camera which gathered the evidence resulting in his conviction.  The Migratory Bird Treaty Act, however, does not authorize a private right of action.  *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 438 F3d 937, 942 (9th Cir. 2006).  The courts should not imply a private right of action where there is no evidence of congressional intent to create such a remedy.  *Federal Savings & Loan Insurance Corp. v. Reeves*, 816 F.2d 130, 138 (4th Cir. 1987).

  Moreover, Section 706 provides, in pertinent part, "[a]ny employee of the Department of the Interior authorized by the Secretary of the Interior to enforce the provisions of this subchapter . . . shall have authority, with a search warrant, to search any place."  Plaintiff apparently interprets this provision to mean that a search warrant is required at all times, in all places, under all circumstances.  He is mistaken.  First, it is important to note that in this case it was agents of the Commonwealth of Virginia who placed the camera in the field where the violations of the Migratory Bird Treaty Act were recorded.  Plaintiff alleges in his Complaint that Defendants Garvis, Agnese, and Shires work for the Virginia Department of Game and Inland Fisheries.  Plaintiff does not allege that they were employees of the Department of the Interior.  *See* Complaint, para. 2.  By its own terms, the provision upon which plaintiff seeks to rely applies

only to employees of the Department of Interior not state game officials. *United States v. Verret*, 302 F. Supp. 492, 493 (E.D. La. 1969).

Contrary to plaintiff's allegation, Section 706 of the Migratory Bird Treaty Act does not create a warrant requirement in addition to that required by the Fourth Amendment. *United States v. Swann*, 377 F. Supp. 1305, 1307 (D. Md. 1974). As this Court previously held, the placement of the camera about which plaintiff complains did not require a warrant and the evidence against him was not obtained in violation of the Fourth Amendment. Likewise, the evidence was not obtained in violation of the Migratory Bird Treaty Act. The Fourth Circuit affirmed the decision of this Court holding that "the subject land must be classified as open fields and not curtilage, and Vankesteren has no reasonable expectation of privacy in those open fields." *United States v. Vankesteren*, 553 F.3d at 290. Plaintiff's purported cause of action under 16 U.S.C. 706, therefore, fails to state a claim upon which relief can be granted against any of the defendants and should be dismissed.

In the document plaintiff filed with this Court on September 7, 2011 (Case No. 2:11cv416, ECF No. 10), plaintiff asserts that defendants violated 16 U.S.C. § 707(d) when they seized a cage and some traps which he had used to trap the protected migratory birds resulting in his conviction. Section 707(d) provides:

> All guns, traps, nets and other equipment, vessels, vehicles, and other means of transportation used by any person when engaged in pursuing, hunting, taking, trapping, ensnaring, capturing, killing, or attempting to take, capture, or kill any migratory bird in violation of this subchapter with the intent to offer for sale, or sell, or offer for barter, or barter such bird in violation of this subchapter shall be forfeited to the United States and may be seized and held pending the prosecution of any person arrested for violating this subchapter and upon conviction for such violation, such forfeiture shall be adjudicated as a penalty in addition to any other

> provided for violation of this subchapter. Such forfeited property shall be disposed of and accounted for by, and under the authority of, the Secretary of the Interior.

Plaintiff has not alleged and cannot show that any forfeiture was imposed as part of the sentence for the offenses of which he was convicted.[4]  Even if he could, however, such a showing would not entitle him to the relief he seeks.  Any claim under Section 707(d) should be dismissed.

  C.  Plaintiff's Claim Under the Foreign Intelligence Surveillance Act Fails To State A Claim Upon Which Relief Can Be Granted

Plaintiff's Complaint alleges a cause of action based on 50 U.S.C. § 1809, a criminal statute prescribing penalties for unauthorized electronic surveillance under color of law.  There is however, no indication that Congress intended to create an implied private reaction with this statute.  The courts should not imply a private right of action where there is no evidence of congressional intent to create such a remedy.  *Federal Savings & Loan Insurance Corp. v. Reeves*, 816 F.2d at 138.

In his more recent filing, he asserts a claim under 50 U.S.C. § 1810, a provision that does purport to create a cause of action for an "aggrieved person" who has been subjected to electronic surveillance.  Plaintiff has attempted to provide his own definition of what constitutes electronic surveillance based upon the definition provided by an internet dictionary.  *See* Attachment to Complaint.  This statutory scheme, however, has its own definition of what constitutes electronic surveillance.  Pursuant to 50 U.S.C. § 1801(f):

> (f) "Electronic surveillance" means--
>
> (1) the acquisition by an electronic, mechanical, or other surveillance device of the contents of any wire or radio communication sent by or intended to be received by a particular, known United States person who is in the United States, if the

---

[4] As plaintiff is aware, the cage and traps have been returned to him.

contents are acquired by intentionally targeting that United States person, under circumstances in which a person has a reasonable expectation of privacy and a warrant would be required for law enforcement purposes;

(2) the acquisition by an electronic, mechanical, or other surveillance device of the contents of any wire communication to or from a person in the United States, without the consent of any party thereto, if such acquisition occurs in the United States, but does not include the acquisition of those communications of computer trespassers that would be permissible under section 2511(2)(i) of Title 18;

(3) the intentional acquisition by an electronic, mechanical, or other surveillance device of the contents of any radio communication, under circumstances in which a person has a reasonable expectation of privacy and a warrant would be required for law enforcement purposes, and if both the sender and all intended recipients are located within the United States; or

(4) the installation or use of an electronic, mechanical, or other surveillance device in the United States for monitoring to acquire information, other than from a wire or radio communication, under circumstances in which a person has a reasonable expectation of privacy and a warrant would be required for law enforcement purposes.

Plaintiff's claim is based on what he contends was the unlawful videotaping of him killing protected birds in his field. While the placement of the video camera undoubtedly constituted a form of surveillance, it does not qualify as electronic surveillance as defined by the statute. For one thing, it had no connection with foreign intelligence collection. Moreover, the monitoring performed by the video camera did not qualify as electronic surveillance because, as this Court correctly ruled, it did not take place under circumstances in which plaintiff had a reasonable expectation of privacy where a warrant would be required. The Fourth Circuit affirmed the ruling of this Court holding that "Vankesteren had no reasonable expectation of privacy in the open fields where he killed the hawks." *United States v. Vankesteren*, 553 F.3d at 290. It held further that "[s]ince Vankesteren had no legitimate expectation of privacy, the agents were free, as on public land, to use video surveillance to capture what any passerby would

have been able to observe." *Id.* at 291. Plaintiff's allegations do not state any claim under 50 U.S.C. §§ 809 or 810 and should be dismissed.

    D.    <u>Plaintiff's Claim Alleging Violation Of His Fourth Amendment Rights Should Be Dismissed</u>

In the document plaintiff filed on September 7, 2011 (Case No. 2:11cv416, ECF No. 10), he asserted that defendants violated his Fourth Amendment rights. Plaintiff also alludes to a violation of "Code 1983." Plaintiff may be asserting claims for a violation of his constitutional rights under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983.[5] The primary relief he appears to be seeking is the reversal of his conviction on two counts of taking or possessing a migratory bird without a permit. If plaintiff is asserting claims under *Bivens* and § 1983, they should be dismissed. Any such claims are untimely because plaintiff failed to bring them within the required statute of limitations. In addition, in order to recover damages for an allegedly unconstitutional conviction under *Bivens* or § 1983, plaintiff must show that the conviction has been reversed on direct appeal or otherwise invalidated. Finally, defendants are entitled to qualified immunity for any *Bivens* or § 1983 claims.

    1.    <u>Any *Bivens* Or § 1983 Claims Are Untimely</u>

Any *Bivens* or § 1983 claims are clearly time-barred. The applicable statute of limitations for a *Bivens* action is the state statute of limitations for personal injury actions. *See Reinbold v.*

---

[5] The courts have made clear that § 1983 only applies to actions taken under color of state law, and not for actions taken by federal actors. *See, e.g., District of Columbia v. Carter*, 409 U.S. 418, 424-425 (1973); *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998), *citing Wheeldin v. Wheeler,* 373 U.S. 647, 650 n.2 (1963). Therefore, any claim under this statute against federal employee Daniel Rolince should be dismissed.

*Evers*, 187 F.3d 348, 359 (4th Cir. 1999).  The same statute of limitations applies to § 1983 claims.  *Wallace v. Kato*, 549 U.S. 384, 389 (2007).  The personal injury statute in Virginia is two years from the date of occurrence.  *See* Va. Code Ann. §8.01-243(A).  In this case, the alleged wrongs which are the subject of plaintiff's suit occurred in January 2007.  The last act about which plaintiff complains occurred on January 30, 2007.  Complaint, p. 2.  As a result, to be timely, those claims should have been filed no later than January 29, 2009.  Plaintiff's complaint in this action was filed on July 25, 2011.  In other words, plaintiff filed his complaint approximately two and a half years too late.  Clearly, any *Bivens* or § 1983 claims should be dismissed.

      2.      Plaintiff's Claims For Damages For His Allegedly Unconstitutional Conviction Should Be Dismissed Because He Cannot Show That His Conviction Has Been Reversed Or Otherwise Invalidated

The crux of plaintiff's suit is his demand for recompense for his allegedly unconstitutional conviction.  Plaintiff appealed that conviction and rather than being reversed, it was affirmed by the Fourth Circuit and his petition for a writ of certiorari was denied by the United States Supreme Court.  *United States v. Vankesteren*, 553 F.3d 286 (4th Cir. 2009), *cert. denied*, 129 S. Ct. 2743 (2009).  In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence unlawful, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a

11

writ of habeas corpus, 28 U.S.C. § 2255." This requirement applies equally to *Bivens* claims. *See Epps v. Moore*, No. 3:09cv39, 2011 WL 2708312, at *4 (E.D. Va. Jul. 12, 2011).

Plaintiff has not alleged and cannot show that he can meet any of the conditions set forth in *Heck*. In fact, his conviction has been affirmed and has never been called into question. As a result, plaintiff is precluded from seeking damages for his allegedly unconstitutional conviction and any attempt to use this civil action as a vehicle to overturn his conviction is "legally frivolous." *Id.* His claims, therefore, should be dismissed.

       3.     <u>Defendants Are Entitled To Qualified Immunity On Any Bivens or § 1983 Claims</u>

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 131 S.Ct, 2074, 2080, 179 L.Ed. 2d 1149 (2011)(citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Under *Harlow* this determination requires an objective, not subjective, analysis. *McSurely v. McClellan*, 697 F.2d 309, 316 (D.C. Cir. 1982). *Harlow* thus places squarely on the plaintiff the burden of showing a "'prima facie case of [defendants'] knowledge of impropriety, actual or constructive.'" *Lyles v. Sparks*, 79 F.3d 372, 379 (4th Cir. 1996)(quoting *Krohn v. United States*, 742 F.2d 24, 31-32 (1st Cir. 1984)). *Accord Davis v. Scherer*, 468 U.S. 183, 191 (1984). Furthermore, as the Supreme Court has held, "Unless the plaintiffs' allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). A defendant's right is to "immunity from suit" not a "defense to liability." *Id*.; *See also Cleavinger v. Saxner*, 474 U.S. 193, 207-208 (1985).

Plaintiff cannot come anywhere near making a showing that the defendants in this case are not entitled to qualified immunity. He cannot show that any defendant violated any of his statutory or constitutional rights, much less a right which was clearly established. In fact, this Court and the Fourth Circuit have ruled that the actions of the defendants in this case did not violate his rights. A clearer case for the application of qualified immunity would be harder to imagine. Any *Bivens* or § 1983 claims against these defendants, therefore, should be dismissed.

IV. Conclusion

Plaintiff has failed to state any claim upon which relief can be granted. For the reasons stated above, defendants respectfully request that this Court dismiss plaintiff's Complaint with prejudice.

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By: /s/
Joel E. Wilson
Assistant United States Attorney
Virginia State Bar # 71701
Attorney for Defendants
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
(757) 441-6331 Office
(757) 441-6689 Fax
joel.wilson@usdoj.gov

## **CERTIFICATE OF SERVICE**

        I hereby certify that, on the 17th day of October, 2011, I will mail a copy of the foregoing Memorandum in Support of Defendants' Motion To Dismiss and the NEF by U.S. mail, postage paid, to the following non-filing user(s):


Steve VanKesteren
17500 Poplar Cove Road
Onancock, VA 23417


                                            /s/
                               Joel E. Wilson
                               Assistant United States Attorney
                               Virginia State Bar No. 71701
                               Attorney for the Defendants
                               Office of the United States Attorney
                               For the Eastern District of Virginia
                               101 West Main Street, Suite 8000
                               Norfolk, VA 23510
                               757- 441-6331 Office
                               757-441-6689  Fax
                               joel.wilson@usdoj.gov