1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



FILED
NOV − 2 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

STEVE VANKESTEREN,

    Plaintiff,

v.                                   Civil Action No. 2:11cv416

STEVE GARVIS, et al,

    Defendants.

## MEMORANDUM TO DISMISS
## DEFENDANTS' MOTION TO DISMISS

I.    Fourth Amendment Rights

The issue of the defendants entering, searching, and taking photographs in my yard, was never brought up in the original trial. The courts could not rule on an issue they knew nothing about.

II.    Definition of Electronic Surveillance

Section 1801 F Part 4: The installation or use of an electronic, mechanical, *or other surveillance device* in the United States.

This would include not only video surveillance but also regular photography as well.

III.    Who is protected by the Act?

Code 1810 states: an aggrieved person *other* than a foreign power or an agent of a foreign power, as defined in section 1801 of this title who has been subject to an electronic surveillance or about whom information obtained by electronic surveillance or used in violation of section 1809 of this title shall have cause of action against any person who committed such violation and shall be entitled to recovered damages.

Other person would obviously cover all United States citizens.

Definition- Section 1801: aggrieved person means a person who is a target of an electronic surveillance or *any person* whose communication or *activities* were subject to an electronic surveillance.

Communications would be under surveillance by listening devices. Activities would be under surveillance by cameras.

IV.     Warden's Defense:

Garvis, Agnese, and Shires are federal officers as well as Virginia game wardens. They could have taken this case to state court. They elected to make a federal case out of it and involve another federal officer, U.S Fish and Wildlife Agent, Rolince, in the search, investigation, and electronic surveillance.

Code 1809 b. Defense: It is a defense to a prosecution under subsection (a) of this section that the defendant was a law enforcement or investigative officer engaged in the course of his official duties and the electronic surveillance was authorized by and conducted pursuant to a search warrant or court order of a court of competent jurisdiction.

There is no differentiation between state or federal law enforcement. This act includes all law enforcement. The minute the wardens installed the surveillance camera, they were in violation of the Electronic Surveillance Act. They had neither a search warrant nor a court order.

V.      Argument Concerning Warrants:

Contrary to what their attorney says, the only warrant I have ever referred to being needed has to do with places, as stated in the Migratory Bird Act.

VI.     Statute of Limitations:

The Electronic Surveillance Act and the Migratory Bird Treaty Act come under the standard five year Federal Statute of Limitations. Part two of Code 1809 states: A person is guilty of an offense if he intentionally- Discloses or uses information obtained under color of law by electronic surveillance, knowing or *having reason to know* that the information was obtained through electronic surveillance not authorized by statute.

Since the illegally taken pictures are being shown at law enforcement seminars, the law is being continually broken. I know positively that they were shown in the fall of 2009, by the Virginia Department of Game and Inland Fisheries, at the State Police Academy in Richmond during a law enforcement seminar sponsored by the F.B.I. Associates, Virginia chapter. This is within the two year Statute of Limitations. These pictures were only made possible by the illegal actions of the wardens, making them a part of an ongoing criminal action.

VII.    Seizure of Private Property:

My private property was seized on January 30, 2007. Agent Rolince, at my trial in August of 2007, admitted to me that they had no legal right to the property and would return it to me as soon as possible. The wardens kept my property for almost two and a half years. Illegal seizure is

a violation of the Fourth Amendment. According to Code 707 section d., they never had the right to seize it in the first place, as there was no sale or barter of migratory birds.

Electronic surveillance is the most intrusive of all forms of surveillance. Does anyone honestly believe that a person on their own private property, out of sight of all public or anyone else's private property should not have the right to refuse to have their picture taken? *Private* property rights are one of the cornerstones of any free country. If law enforcement decides that it is necessary to carry on electronic surveillance, than they should obtain a warrant, exactly what the law mandates. The Unites States of America is not a police state!

By: *[signature]*

Steve VanKesteren
17500 Poplar Cove Road
P.O Box 487
Onancock, Virginia, 23417
757-787-1584
757-710-1710

## CERTIFICATE OF SERVICE

I hereby certify that, on the 28th of October, 2011, I will mail a copy of the foregoing Memorandum to Joel E. Wilson, Assistant United States Attorney for the Defendants Office of the United Sates Attorney for the Eastern District of Virginia. 101 West Main Street, Suite 8000 Norfolk, VA 23510.

I, Steve Van Kesteren, under penalty of perjury swear that all statements that I have made in this memorandum and all other correspondence that I have sent to the court is the truth, the whole truth, and nothing but the truth, so help me God.

*Steve Van Kesteren*   Date Oct 27, 2011

Steve Van Kesteren

**TERESA ANN WEST**
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES OCT. 31, 2012
COMMISSION # 7190115

*Teresa Ann West*



Steve Van Kesteren
PO Box 487
Onancock, VA 23417

7011 1570 0002 2865 6917



U.S. POSTAGE PAID
ONANCOCK, VA
23417
OCT 28, 11
AMOUNT
$6.23
00078089-08

Clerk's Office - Civil Division
U.S. District Court
Eastern District of VA
Walter E. Hoffman U.S. Courthouse
600 Granby St, 1st Floor
Norfolk, VA
23510