IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

STEVE VANKESTEREN,

    Plaintiff,

v.                                                                                     Civil Action No. 2:11cv416

STEVE GARVIS, et al.,[1]

    Defendants.

## REPLY TO PLAINTIFF'S MEMORANDUM TO
## DISMISS DEFENDANTS' MOTION TO DISMISS

      Plaintiff's response to Defendants' Motion to Dismiss fails to show that his Complaint properly alleges any claim. Plaintiff's belief that he has been wronged, no matter how sincere, does not create a valid cause of action against the defendants in this case. Because it is clear that Plaintiff has failed to state any claim upon which relief can be granted, Defendants respectfully request that this Court dismiss his Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

      Plaintiff asserts that the issue relating to Defendants entering and taking photographs in his yard was not before the Court and has not been ruled upon. Plaintiff does not, however, provide any legal authority supporting his contention that any such activity violated his statutory or constitutional rights which were clearly established at the time of activities at issue in this lawsuit. *See Ashcroft v. al-Kidd*, 131 S.Ct, 2074, 2080 (2011). Plaintiff's contention that use in law enforcement seminars of photographs obtained during the investigation of his offenses somehow violates his rights is baseless. Moreover, Plaintiff has failed to assert any reason why

---

[1] Pursuant to a memorandum of understanding between the U.S. Fish and Wildlife Service and the Virginia Department of Game and Inland Fisheries, undersigned counsel has been authorized to represent all of the defendants named in this action.


the two year statute of limitations would not bar any constitutional claims. As a result, any such claims should be dismissed as time-barred.

Plaintiff's claim based on 50 U.S.C. §§ 1809 and 1810 should also be dismissed. In his response, he ignores the definition of the term "electronic surveillance" provided by the statutory scheme on which he seeks to rely. The salient provision which Plaintiff has omitted is the fact that, in order to qualify as electronic surveillance under these statutes, the activity in question must take place "**under circumstances in which a person has a reasonable expectation of privacy and a warrant would be required for law enforcement purposes.**" 50 U.S.C. § 1801(f)(4) (emphasis added). As both this Court and the Fourth Circuit have held, the activities about which Plaintiff complains did not take place under circumstances where he had a reasonable expectation of privacy and a warrant was required. *See United States v. Vankesteren*, 553 F.3d 286 (2009), *cert. denied*, 129 S.Ct. 2743 (2009). His claim, therefore, should be dismissed.

It is clear that Plaintiff feels that he had a right to privacy on his property and feels that his expectation of privacy was breached when the agents in this case gathered the evidence which resulted in his conviction. Plaintiff's subjective expectations of privacy, however, are not determinative. As courts have repeatedly held the Constitution "does not protect the merely subjective expectation of privacy, but only those 'expectation[s] that society is prepared to recognize as 'reasonable.' " *Oliver v. United States*, 466 U.S, 170, 177 (1984)(quoting *Katz v. United States*, 389 U.S. 349, 361 (1967)). None of the allegation set forth in Plaintiff's Complaint state a claim upon which relief can be granted. Defendants respectfully request that, pursuant to Fed. R. Civ. P. 12(b)(6), this Court dismiss Plaintiff's Complaint with prejudice.

        NEIL H. MACBRIDE
        UNITED STATES ATTORNEY


By:   /s/
    Joel E. Wilson
    Assistant United States Attorney
    Virginia State Bar # 71701
    Attorney for Defendants
    United States Attorney's Office
    101 West Main Street, Suite 8000
    Norfolk, Virginia  23510
    (757) 441-6331  Office
    (757) 441-6689  Fax
    joel.wilson@usdoj.gov

## CERTIFICATE OF SERVICE

        I hereby certify that, on the 3rd day of November, 2011, I will mail a copy of the foregoing Reply to Plaintiff's Memorandum to Dismiss Defendants' Motion To Dismiss and the NEF by U.S. mail, postage paid, to the following non-filing user(s):

Steve VanKesteren
17500 Poplar Cove Road
Onancock, VA 23417

                                                    /s/
                                         Joel E. Wilson
                                         Assistant United States Attorney
                                         Virginia State Bar No. 71701
                                         Attorney for the Defendants
                                         Office of the United States Attorney
                                         For the Eastern District of Virginia
                                         101 West Main Street, Suite 8000
                                         Norfolk, VA 23510
                                         757- 441-6331 Office
                                         757-441-6689  Fax
                                         joel.wilson@usdoj.gov