UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



STEVE VANKESTERN,

      Plaintiff,

v.                                    ACTION NO. 2:11cv416

STEVE GARVIS, et al.,

      Defendants.

### DISMISSAL ORDER

Plaintiff brought this pro se action against three employees of the Virginia Department of Game and Inland Fisheries and one employee of the U.S. Fish and Wildlife Service. Plaintiff is a property owner who was previously charged with violating the Migratory Bird Treaty Act. A hidden camera was placed on Plaintiff's property without a warrant. The camera captured images of Plaintiff trapping and killing protected hawks. He was convicted of the charges in this court in December 2007. Action No. 2:07cr153. During the criminal proceeding, Plaintiff argued that the involved government agents violated the Fourth Amendment in entering his property and filming him. D.E. # 5 in Action 2:07cr153 at 1, 4-8. The Court of Appeals for the Fourth Circuit affirmed his conviction, finding that Plaintiff had no expectation of privacy in the open field where he was filmed. United States v. Vankestern, 553 F.3d 286 (4th Cir. 2009). The United States Supreme Court denied certiorari. 129 S. Ct. 2743 (2009).

This suit arises out of the same facts. Plaintiff challenges his convictions, asking that they be set aside or a new trial granted, and he seeks damages for his legal fees and time spent on the case. Plaintiff invokes provisions of the Migratory Bird Treaty Act and statutes pertaining to foreign intelligence surveillance as the authority for his suit. In subsequent filings, Plaintiff invokes the Fourth Amendment.

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). In construing a motion to dismiss, the facts, though not the legal conclusions, alleged in a plaintiff's pro se complaint must be taken as true. Loe v. Armistead, 582 F.2d 1291, 1292 (4th Cir. 1978); Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). A pro se complaint should survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. Id.; Iqbal, 129 S. Ct. at 1951. A pro se complaint involving civil rights issues should be liberally construed. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court is not required "to accept as true a legal conclusion couched as a factual allegation,"

Papasan v. Allain, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. Iqbal, 129 S. Ct. at 1951. Dismissal is appropriate when a complaint contains a description of underlying facts that fails to state a viable claim. Estelle v. Gamble, 429 U.S. 97, 106-09 (1976); Twombly, 550 U.S. at 558.

Here, Plaintiff has failed to establish a plausible claim of entitlement to relief under any theory. Plaintiff alleges a violation of 16 U.S.C. § 706, a provision of the Migratory Bird Treaty Act. The Act does not, however, establish any private right of action, so this claim fails. Turtle Island Resoration Network v. U.S. Dep't of Commerce, 438 F.3d 937, 942 (9th Cir. 2006). In addition, the cited code section relates only to agents of the Department of the Interior, an agency that employs none of the Defendants. Further, Plaintiff's claim that the act was violated because no warrant was issued fails because no warrant was required as explained by the Court of Appeals for the Fourth Circuit. See also United States v. Wylder, 590 F. Supp. 926, 927-28 (D. Or. 1984) ("Under the fourth amendment no search warrant was necessary. Section 706 does not require one."). Plaintiff's September 7, 2011, submission to the court mentions 16 U.S.C. § 707(d), but none of Plaintiff's property was forfeited and Plaintiff admits the eventual return of his property, so the statute has no applicability.

Plaintiff also references 50 U.S.C. § 1809, a criminal statute prescribing penalties for unauthorized electronic surveillance under color of law. This statute does not create a private right of action either. In his subsequent filing, Plaintiff invokes 50 U.S.C. § 1810, which does arguably create a private right of action for an aggrieved person who has been subject to electronic surveillance. Electronic surveillance is a defined term, however, and the activities of Defendants described by Plaintiff do not meet the definition. See 50 U.S.C. § 1801(f) (limiting term "electronic surveillance" to circumstances in which the target had a reasonable expectation of privacy and when a warrant would be required). The Fourth Circuit has already found that "Vankestern ha[d] no reasonable expectation of privacy in those open fields" where he killed the hawks, so that no warrant was required. United States v. Vankestern, 553 F.3d at 290. Hence, there is no qualifying "electronic surveillance" under the statutory scheme.

Further, any claim pursuant to 42 U.S.C. § 1983 (against the Defendants that are state employees) or Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) (against the Defendant that is a federal employee), that Plaintiff's constitutional rights pursuant to the Fourth Amendment were violated would be time-barred as the events giving rise to the claim in 2007 occurred over two years prior to the filing of this suit in 2011. Wallace v. Kato, 549 U.S. 384, 389 (2007); Reinbold

4

v. Evers, 187 F.3d 348, 359 (4th Cir. 1999); Va. Code § 8.01-243(A). Further, in order to assert any such claim, Plaintiff would be required to establish that his conviction was reversed, expunged, invalidated or called into question by the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Epps v. Moore, No. 3:09cv39, 2011 WL 2708312, at *4 (E.D. Va. Jul. 12, 2011). Plaintiff's convictions were affirmed, and they have not been expunged, invalidated, or called into question. Finally, Defendants would be entitled to qualified immunity in connection with Plaintiff's claims in any event as their actions violated no clearly established right. Harlow v. Fitzgerald, 457 U.S. 800 (1982).

While Plaintiff may sincerely believe he has been wronged, the claims he asserts in this action may not be maintained for the reasons set forth above. The court **GRANTS** Defendants' Motion to Dismiss.

Plaintiff is advised that he may appeal from this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Dismissal Order.

The Clerk is **DIRECTED** to send a copy of this Dismissal Order to Plaintiff and counsel for Defendants.

IT IS SO **ORDERED**.

                                                  /s/
                                    Rebecca Beach Smith
                                    United States District Judge

Norfolk, Virginia

November 10, 2011